# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CRAIG LEE MILLER,**

      Petitioner,

      v.                                             Case No. 25-C-1982

**STATE OF WISCONSIN,**

      Respondent.

---

## SCREENING ORDER

---

On December 17, 2025, Petitioner Craig Lee Miller, currently in custody at Racine County Jail and representing himself, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See generally* Dkt. No. 1. Miller paid the $5 filing fee on December 22, 2025. For the reasons that follow, the court will dismiss his petition and the case.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which also applies to cases brought under § 2241. *See Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006). Rule 4 reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

As a threshold matter, the State of Wisconsin is not the proper respondent in this action. *Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005). "This is not only because the state has sovereign immunity from suit in federal court, and not only because Rule 2(a) is explicit that the 'state officer' having custody of the petitioner is the proper respondent. There is also the practical consideration that designating the 'state' does not identify an official with actual authority to release the prisoner, and the designation could create confusion with respect to service and to notice generally." *Id.* (citation omitted). Even the court's form used by Miller specified that, "[i]f the applicant is confined, the proper respondent is the officer who has custody of the applicant." Dkt. No. 1 at 1 n.1. The appropriate respondent is the warden of Racine County Jail, where Miller is currently in custody. *See id.* at 1.

In his petition, it appears that Miller argues his prior OWI convictions—one from October 19, 1992, one from February 5, 1991, and one from April 14, 1989—were all based upon implied consent refusals and were unconstitutional as applied to him. *Id.* at 1–3 (citing *State v. Craig Miller*, Racine County Case No. 1989CT244; *State v. Craig Miller*, Racine County Case No. 1991CT30; and *State v. Craig Miller*, Racine County Case No. 1992CT1136[1]). He also seems to suggest that some of his convictions were improper because they resulted in three-year revocations on his ability to operate a motor vehicle. *Id.* Miller then argues that his cancer diagnosis qualifies as an "exceptional circumstance" under *Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009), thereby justifying federal court intervention in ongoing state court proceedings. Dkt. No. 1 at 4. Lastly, under his request for relief, he asks this court to "see State Records in 22-CF-25 and

---

[1] Although Miller argues he was convicted of "OWI implied consent refusal" and cites to "Racine County Case # 92-ct-1137," that case number is not assigned to any case available in the public docket, accessible at https://wcca.wicourts.gov/. However, other filings made by Miller, discussed below, lead the court to believe he intended to cite Case No. "1992CT1136."

2025CF547." He argues that, in each of those cases, the District Attorney's office presented inaccurate information regarding his past convictions, and he asks that this court vacate and remove from the record the implied consent convictions. *Id.* at 4–5.

Significantly, it appears that the substance of Miller's petition closely resembles an earlier § 2254 petition filed by Miller, which the court dismissed just a few weeks ago. *See Miller v. Wisconsin*, No. 25-CV-908-PP, 2025 WL 2962557, at *1 (E.D. Wis. Oct. 20, 2025). There, Miller also protested his earlier OWI convictions and included as attachments the dockets from *State v. Craig Miller*, Racine County Case No. 1989CT244; *State v. Craig Miller*, Racine County Case No. 1991CT30; and *State v. Craig Miller*, Racine County Case No. 1992CT1136. *Id.* at *2. The court explained several reasons why Miller's petition failed. Relevant here is the court's explanation that, "even if the petitioner had filed a petition under 28 U.S.C. § 2241 . . . rather than § 2254, a federal court may not intervene in ongoing state court proceedings 'as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist.'" *Id.* at *3 (quoting *Olsson*, 328 F. App'x at 335). "Review is limited to situations where immediate federal intervention is necessary to prevent the challenge from becoming moot[.]" *Id.* (citing *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010)). "Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." *Olsson*, 328 F. App'x at 335. Further, "[u]nder the *Younger* abstention doctrine, the court would be required to abstain from deciding any issue the petitioner might have raised involving his ongoing criminal case or cases." *Miller*, 2025 WL 2962557, at *3; *see Younger v. Harris*, 401 U.S. 37 (1971).

While it is unclear from his petition exactly what facts he is alleging support his request for relief, it seems that Miller is asking this court to intervene in the same state court proceedings,

*State v. Miller,* Racine County Case No. 2025CF547, and *State v. Miller*, Oconto County Case No. 2022CF25, that the court declined to intervene in a few weeks ago. *See* Dkt. No. 1 at 4; *Miller*, 2025 WL 2962557, at *3. According to the public dockets, both cases still appear to be ongoing. As far as the court can tell, Miller is arguing that the attorneys representing the government in his two active cases are somehow misrepresenting his past convictions to his detriment, and he is asking this court to intervene and instruct the state courts on how to interpret his past convictions. Dkt. No. 1 at 3. For the same reasons already explained to Miller, his request must be denied. This court cannot intervene in his ongoing cases, and contrary to Miller's assertions, neither his physical illness nor his disagreements with how the prosecutors are handling his pending state-court cases are the sort of "exceptional circumstance" contemplated by the court in *Olsson*. Dkt. No. 1 at 4; 328 F. App'x at 335.

For the reasons set forth above, Miller's petition is **DISMISSED without prejudice** and the case is dismissed. Further, the court concludes that reasonable jurists could not debate the outcome; therefore, a certificate of appealability is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 6th day of January, 2026.

_____
William C. Griesbach
United States District Judge